NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGEL OSORNIO,

          Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant-Appellee.

No.   21-16306

D.C. No. 3:19-cv-08267-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted June 16, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Angel Osornio appeals from the District Court's summary judgment holding

that her complaint against the Commissioner of Social Security was untimely.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

Any individual may commence a civil action within sixty days of the mailing to her of notice of the Commissioner's final decision or within such further time as the Commissioner may allow. 42 U.S.C. 405(g). Osornio does not dispute that she failed to commence a civil action within the sixty-day deadline. She also did not request an extension to the sixty-day period.

The District Court correctly declined to apply equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Osornio failed to demonstrate she pursued her rights diligently. Osornio does not dispute that she received an Appeals Council letter informing her of the sixty-day deadline to file a complaint in the District Court or request an extension. Despite this, Osornio failed to file her complaint within the proscribed period. Furthermore, there is no evidence that some extraordinary obstacle stood in her way preventing her from asserting her rights. *See* 544 U.S. at 418.[1]

**AFFIRMED.**

---

[1] Osornio's motion to expedite settlement, Docket No. 16, and supplemental motion to expedite settlement, Docket no. 17, are **DENIED.**